UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALLEN DEAN HILL,

Plaintiff,

v.

WELLPATH COMMUNITY CARE, et al.,

Defendants.

No. 2:25-cv-3229 AC

ORDER

Plaintiff is a former El Dorado County pretrial detainee and current California state prisoner, who proceeds pro se with an application to proceed in forma pauperis and a civil rights complaint filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

I. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 5. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening of Plaintiff's Complaint

A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. The Complaint

The claims arise from plaintiff's previous pretrial detention at the El Dorado County Jail. Plaintiff sues Wellpath Community Care, Dr. Christopher Smith, Sheriff Jeff Leikauf and Sgt. Nicholas Millbank in relation to medical issues plaintiff experienced at the jail. ECF No. 1 at 2-3. Claim One alleges that Dr. Smith refused to provide the hormone therapy that plaintiff medically required due to the previous surgical removal of a testicle. Id. at 5-6. He further alleges that the denial of treatment resulted from Wellpath's cost containment program, and that the Sheriff impermissibly delegated decision-making authority to Wellpath. Id. at 7-8.

In Claim Two, plaintiff alleges that in September of 2023, Sgt. Millbank made him sleep in a filthy booking cell instead of placing him in a medical bed the night before plaintiff was to be taken for outside treatment of kidney stones. Id. at 9-12. This had happened once before, and plaintiff had contracted a life-threatening staph infection as the result of the unsanitary conditions. Id. at 10. As the result of the conditions experienced in 2023, plaintiff's kidney disease worsened and has caused extreme pain, and now requires dangerous and invasive interventions. Id. at 11-12.

C. Claims for Which a Response Will Be Required

Claim One adequately states a claim for deliberately indifferent medical care against Dr. Smith and Wellpath. See Castro v. County of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016). Accordingly, the complaint is suitable for service on those defendants[1] and a response will be

[1] Plaintiff is informed, however, that Wellpath is now bankrupt, In re Wellpath Holdings, Inc., No. 24-90533 (Bankr. S.D. Tex. June 4, 2025), and that claims against it may be barred. See, e.g., Rodriguez v. Wellpath, 2025 U.S. Dist. LEXIS 256533, 2025 WL 3552407 (D. Nev. Dec. 10, 2025) (Order dismissing Wellpath); Suggett v. Solano County, No. 2:23-cv-0907 TLN JDP, 2026 U.S. Dist. LEXIS 118033, 2026 WL 1499484 (E.D. Cal. May 28, 2026) (Order and Findings and Recommendations).

required from them on Claim One.

D. Failure to State a Claim

1. Sheriff Leikauf

Claim One is also alleged against Sheriff Leikauf, but the complaint does not allege his direct involvement in the denial of care. Rather, plaintiff contends that defendant "is violating the non-delegable duty doctrine by allowing Wellpath Community Care full decision making authority." ECF No. 1 at 8. The Sheriff cannot be individually liable under § 1983 for the acts and omissions of others just because he is the County official with ultimate responsibility for jail operations and the wellbeing of inmates. See Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983). "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation and internal quotation marks omitted). Plaintiff has not alleged facts sufficient to support the Sheriff's liability under this standard.

To the extent that plaintiff invokes Monell liability,[2] see ECF No. 1 at 8, the alleged delegation of medical decisions to medical providers does not provide a plausible factual or legal basis for municipal liability. Accordingly, there is no claim available against the County or Leikauf in his official capacity.

2. Claim Two

Claim Two, as drafted, does not sufficiently state a claim for deliberate indifference to plaintiff's health and safety related to his placement in an unsanitary booking cell in September 2023.[3] ECF No. 1 at 9-12. Sgt. Millbank is alleged to be the person responsible for plaintiff's placement in the booking cell rather than a medical bed, but there are no clear allegations that he was aware of the potential medical consequences. Plaintiff implies that Sgt. Millbank may have

[2] Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

[3] Although it is not entirely clear, the court construes the claim as arising from that incident, with facts regarding the previous incident offered as background and to demonstrate defendants' awareness of the risks of such exposure to unsanitary conditions.

been acting with intent to retaliate for plaintiff's past grievances, but there are no allegations related to the September 2023 incident that demonstrate retaliatory intent. The complaint contends that Dr. Smith also forced plaintiff to choose between a staph infection from sleeping in booking or not getting outside medical care, but there are no clear allegations of his involvement in the decision about where plaintiff would spend the night.

The claim is also full of allegations about prior incidents, at least one of which is raised in a different lawsuit, and complaints about treatment of plaintiff's kidney disease generally. It is unclear whether the latter are intended as grounds for relief. If they are, they are deficient because they do not identify the individuals responsible for discrete medical acts and omissions alleged to have violated plaintiff's rights.

III. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against Sheriff Jeff Leikauf or Sgt. Nicholas Millbank, or against any defendant related to the allegations of Claim Two. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Wellpath Community Care and Dr. Christopher Smith on Claim One (inadequate medical treatment status post-oriechtomy), dismissing other claims and defendants, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on Claim One against defendants Wellpath and Smith without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of Claim Two and defendants Leikauf and Millbank.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode,

423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV. Plaintiff's Motions for Preliminary Relief are Moot

Plaintiff's transfer to the custody of the California Department of Corrections and Rehabilitation, see Docket notation dated June 2, 2026, moots his requests for preliminary injunctive relief at El Dorado County Jail. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (when a prisoner is moved from a facility, his action for injunctive relief is moot as to conditions at that facility); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]" (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))). Accordingly, the motions at ECF No. 6 and 7 will be vacated.

////

V. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. For screening purposes, you have stated a claim for inadequate medical care regarding hormone therapy (Claim One) against Dr. Smith and Wellspace only. However, Sheriff Leikauf cannot be individually liable on this claim because he was not involved in your medical care. The allegation that he (or the County) delegated medical decisions to Wellpath does not support Monell liability.

Claim Two does not support relief against any defendant. It is not entirely clear which facts are intended as the basis of this claim. Assuming it is about your overnight placement in a booking cell by Sgt. Millbank in September 2023, you have not provided facts showing that he was aware of a serious risk to your health or that he was retaliating against you. There are no facts showing that any other defendant was involved in the decision where you would spend the night.

You have a choice to make. You may **either** (1) proceed immediately on Claim One against Dr. Smith and Wellspace and voluntarily dismiss the other claims, **or** (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice Claim Two, Sheriff Leikauf, and Sgt. Millbank. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

Your motions for injunctive relief are being vacated because they sought relief from El Dorado County Jail and you are no longer housed there.

////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Leikauf and Millbank, and Claim Two in its entirety, do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on Claim One (deliberately indifferent medical care) against defendants Smith and Wellpath, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against Leikauf and Millbank, and Claim Two in its entirety.

6. Plaintiff's motions for preliminary relief, ECF Nos. 6 and 7, are VACATED.

DATED: August 17, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN DEAN HILL,<br>Plaintiff,<br>v.<br>WELLPATH COMMUNITY CARE, et al.,<br>Defendants. | No. 2:25-cv-3229 AC<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

_____ Plaintiff wants to proceed immediately on Claim One (deliberate indifference to medical needs) against defendants Christopher Smith, M.D. and Wellpath, without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants Jeff Leikauf and Nicholas Millbank, and Claim Two in its entirety.

_____ Plaintiff wants to amend the complaint.

DATED:______________________

______________________________
MICHAEL ALLEN DEAN HILL
Plaintiff pro se